IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,838-01 & WR-77,838-02






EX PARTE CAL MAURICE BUTLER, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. F-06-65524-V & F-06-65525-V IN THE 292ND DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of two counts
of aggravated assault and sentenced to forty years' imprisonment on each count. His appeal in cause 
number F-06-65525-V was dismissed. Butler v. State, No. 05-07-00968-CR (Tex. App.--Dallas 
2007, no pet.).

 In a single ground, Applicant contends that he was denied his right to appeal. We remanded
these applications on August 22 and October 31, 2012. After holding a live evidentiary hearing, the
trial court made findings of fact and conclusions of law and recommended that we grant Applicant
out-of-time appeals. We agree. Applicant is entitled to the opportunity to file out-of-time appeals
of the judgment of convictions in cause numbers F-06-65524-V and F-06-65525-V from the 292nd
District Court of Dallas County. Applicant is ordered returned to that time at which he may give 
written notices of appeal so that he may then, with the aid of counsel, obtain meaningful appeals. 
Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is
indigent. If he is indigent and wishes to be represented by counsel, the trial court shall immediately
appoint an attorney to represent him on direct appeal. All time limits shall be calculated as if the
sentences had been imposed on the date on which the mandate of this Court issues. We hold that,
should Applicant desire to prosecute appeals, he must take affirmative steps to file written notices
of appeal in the trial court within 30 days after the mandate of this Court issues.

 Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional
Institutions Division and Pardons and Paroles Division. 


Delivered: June 12, 2013

Do not publish